J-S55011-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| DAVID ALLEN BILLE, | : | |
| | : | |
| Appellant | : | No. 1962 WDA 2014 |

Appeal from the Judgment of Sentence, October 28, 2014,
in the Court of Common Pleas of Erie County,
Criminal Division, at No: CP-25-CR-0002982-2013

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED NOVEMBER 18, 2015**

I agree that the OCY report was inadmissible in this case.  However, I disagree with the rationale offered by the learned Majority and agree with some of the rationale offered by the trial court.  I offer the following analysis.

Prior to trial, counsel for Appellant sought the trial court's ruling *in limine* on the admissibility of the report from OCY which concluded that the allegations at issue in this case were unfounded.  The trial court concluded that the admission of this testimony was "basically vouching" and "irrelevant." N.T., 6/19/2014, at 8.  The trial court offered support for this conclusion by stating that "the credibility assessment is to be made by the jury in this trial on this testimony here.  What someone else thought at an earlier time if it went to credibility just is a distraction, so I'm not going to allow it." ***Id***.

*Retired Senior Judge assigned to the Superior Court.

> We have long held that [a]ny analysis of the admissibility of a particular type of evidence must start with a threshold inquiry as to its relevance and probative value. Relevant evidence is evidence that in some degree advances the inquiry…. Further, [i]t must be determined first if the inference sought to be raised by the evidence bears upon a matter in issue in the case and, second, whether the evidence renders the desired inferences more probable than it would be without evidence.

*Commonwealth v. Dunkle*, 602 A.2d 830, 34 (Pa. 1992) (internal citations and quotations omitted).

Instantly, the OCY report was clearly relevant as it offered an opinion on the ultimate issue in this case, whether Appellant sexually abused S.S. Accordingly, we disagree with both the trial court and the Majority that this report was inadmissible because it was irrelevant.

However, I agree with the trial court that this report was inadmissible because "the credibility assessment is to be made by the jury." N.T., 6/19/2014, at 8. Whether we call this improper bolstering, vouching, or something else altogether, this testimony is inadmissible.

"Improper bolstering or vouching for a government witness occurs where the prosecutor assures the jury that the witness is credible, and such assurance is based on either the prosecutor's personal knowledge or other information not contained in the record." *Commonwealth v. Cousar*, 928 A.2d 1025, 1041 (Pa. 2007). "Of course, improper commentary on a witness' credibility may be achieved through means other than the

prosecutor's own statements, such as eliciting improper comments from a Commonwealth witness[.]" ***Commonwealth v. Tedford***, 960 A.2d 1, 32 (Pa. 2008).

In ***Commonwealth v. Loner***, 609 A.2d 1376 (Pa. Super. 1992), this Court held that "[t]he law is clear that the determination of the veracity of a witness is reserved exclusively for the jury.  As such, testimony, especially that of an expert, which serves to bolster the veracity of a child sexual abuse victim impermissibly infringes upon the province of the jury." ***Id***. (citations omitted).[1]

Because Appellant sought to offer testimony which would comment on the veracity of a witness, it impermissibly infringes on the province of the jury.  Accordingly, the trial court did not err in finding the OCY report inadmissible.

---

[1] In the instant matter, the testimony sought to be introduced would undermine the veracity of the victim.  However, that makes no difference in the analysis.